UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO Division

Amended Complaint
CIVIL RIGHTS COMPLAINT FORM



JUAN C. GABELA, et al.,   CASE NUMBER: 6:03-cv-1876-Orl-22DAB
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v.

OSCEOLA COUNTY JAIL;

MICHAEL TIDWELL, DIRECTOR;

M. STROOP, HEAD OF CLASSIFICATION;

OFC. GILLESPIE, LIBRARY SUPERVISOR

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. PLACE OF PRESENT CONFINEMENT: OSCEOLA COUNTY JAIL,
(Indicate the name and location)
P.O. BOX 451450, KISSIMMEE, FL, 34745

II. DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes ( ) No (X)

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

       1. Informal Grievance (Form DC3-005)
       2. Formal Grievance (Form DC1-303)
       3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.    Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

    1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)?  Yes ( )  No ( )

    2. If so, you must attach a copy of the grievance and response to this Complaint form.

    3. Were you denied emergency status?  Yes ( )  No ( )

        a. If so, did you go through the informal grievance, formal grievance and appeal process?  Yes ( )  No ( )

DC 225 (Rev. 12/02)                    2

   b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. <u>Informal Grievance</u> (Request for Interview)

  1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No ( )

  2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

  1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No ( )

  2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

  3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No ( )

  4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

  1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No ( )

  2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 2 _____.

                      _____
                      Signature of Plaintiff

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes (X) No ( )

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes (X) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes (X) No ( )

C. If your answer is YES:

1. What steps did you take? *I filed requests, grievances etc...*

2. What were the results? *My grievances were denied.*

3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses. *Plaintiff, has filed his grievances previously in this Court.*

D. If your answer is NO, explain why not: _____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this __18__ day of __March__, 2 __004__.

*Juan Cabela*
Signature of Plaintiff

IV. **PREVIOUS LAWSUITS**:

A. Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No ( )  N-A

B. Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No ( )  N-A

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

    Plaintiff(s): _____N-A_____

    Defendant(s): _____N-A_____

2. Court (if federal court, name the district; if state court, name the county):

    _____N-A_____

3. Docket Number: _____N-A_____

4. Name of judge: _____N-A_____

5. Briefly describe the facts and basis of the lawsuit: _____N-A_____

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

    _____N-A_____

7. Approximate filing date: _____N-A_____

8. Approximate disposition date: _____

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been

DC 225 (Rev 12/02)                                        5

D. Defendant: MR. M. STROOP
   Mailing Address: P.O. BOX 451450, KISSIMMEE, FL 34745
   Position: CLASSIFICATION SUPERVISOR
   Employed at: OSCEOLA COUNTY JAIL

E. Defendant: J. GILLESPIE
   Mailing Address: P.O. BOX 451450, KISSIMMEE, FL, 34745
   Position: LIBRARY SUPERVISOR
   Employed at: OSCEOLA COUNTY JAIL

F. Defendant:
   Mailing Address:
   Position:
   Employed at:

G. Defendant:
   Mailing Address:
   Position:
   Employed at:

DC 225 (Rev. 12/02)                               7

VI.  **STATEMENT OF CLAIM:**  State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

1) Violation of my rights to access the courts.
2) Violation of my rights to be free from cruel and unusual punishments.

VII. **STATEMENT OF FACTS:**  State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

Denying Access To The Court

The Osceola County Jail is under the direct supervision, orders, and administration of its director, Michael Tidwell. On 12-2-03, 12-10-03, 12-17-03, and continuosly in the month of December, The Plaintiff, made numerous request, grievances etc... to access the law library in order to meet a deadline ordered by the federal courts, in reference to, Plaintiff's criminal habeas corpus petition that was pending in this court. The order was issued

DC 225 (Rev 12/02)                                        8

**Statement of Facts, continued:**

On 11-13-03 with a deadline of response for 1-5-04 in case number 6:03-cv-925-Orl-28KRS Ofc. Gillespie, denied, Plaintiffs, request and grievances. Ofc. Gillespie, did not find that, Plaintiff, was a "Pro Se" inmate. The order, Plaintiff, gave Ofc. Gillespie specified, Plaintiff, was "Pro Se", and attorney of record. Plaintiff, was denied access to the law library, copies, and legal research. On 1-5-04, Plaintiffs, deadline expired. Plaintiff, was barred by the impediments of the Jail, and did not respond to the 11-13-03 order. On 1-6-04, Plaintiff, filed a motion for extension of time explaining his circumstances. The motion was granted. Plaintiff, was provided until 1-27-04 to comply with paragraph two of the Courts order of November 13, 2003. Plaintiff, once again filed request and grievances to access the law library, which, were denied. Ofc. Gillespie decided, Plaintiff, was not a "Pro Se" inmate. Plaintiff, could not comply with the 11-13-03 order.

<u>CRUEL AND UNUSUAL PUNISHMENT</u>

On 11-19-03, Plaintiff, arrived to the Osceola County Jail, from Tomoka Corr. Ins. On this

DC 225 (Rev. 12/02)

9

date, Plaintiff, was placed in a high risk pod. In this pod I was locked 23½ hours daily. It is segregation. Plaintiff, was placed here based on classification. Plaintiff, was taken out approximately 30 minutes daily. This was to use the phone, or shower. Plaintiff, was handcuffed and shackled everytime he exited the cell. Plaintiff, showered shackled, leg ironed, to the ground. Causing sores, bruises, to his ankles. This is the same way plaintiff, used phone. Plaintiff, was taken out to recreation approximately one hour a week. This took place handcuffed, shackled, waist chained in a bull pen. Plaintiff, had no freedom of movement for recreation. Plaintiff, was left this way in a bull pen cage for recreation. Plaintiff, was placed in a two men cell with plaintiff, being the third inmate. Sleeping on the floor! The cell, Plaintiff was placed in has no view to its sorroundings. Plaintiff, was placed in these conditions until approximately 1-26-04. Plaintiff, wrote request and grievances to Classification Supervisor, Mr. Stroop, on the following dates for said cruel status, 11-19-03, 11-26-03, 11-27-03, 11-28-03, 12-5-03, 12-17-03, and said grievances were denied. Plaintiff, also followed through with the grievances to the director, Michael Tidwell, in which were also denied. Defendants, responses claim the Jail was approved for their actions. Plaintiff, suffered from deliberate indifference. Plaintiff, was not in disciplinary or administrative confinement. Nor did plaintiff, have any outstanding disciplinary reports. Plaintiff, was classified maximum custody. However, no part of the maximum pods in the Jail are subject to this punishment.

# SUPPLEMENTAL AMENDMENT TO CIVIL RIGHTS COMPLAINT

## DENYING ACCESS TO THE COURTS

On 3-15-04, Plaintiff, was handed this Civil Rights Complaint for amendment by Jail officials. Plaintiff, wrote a request to the law library for access to copies, and research. On 3-18-04, Ofc. Hidalgo, called the law library as requested by Plaintiff, for a response to his request. Ofc. Gillespie, stated to, Ofc. Hidalgo, that Plaintiff, would not be permitted to utilize the law library, or make copies. Plaintiff, was once again denied access to the courts. Plaintiff, was unable to meet this courts order to provide copies, notary of insolvency, because Ofc. Gillespie's denial. Additionally, when Jail officials for some unknown reason came aware of, Plaintiffs, complaint his legal mail was tampered with. On 1-12-04, Plaintiff, received legal mail from this Court, in which had been opened. (Please See enclosed grievance). During this time, (Plaintiff) has been denied request forms, and grievance forms. Plaintiffs, legal mail has been returned without reasons on several occassions. Causing a delay in his legal actions. On 3-17-04, Ofc. Gillespie, printed out a memo stating the order I provided from this Court to him in order to access the law library for legal copies, and Notarization was not an order, but a letter. (Please See Enclosed). Once again I was denied legal access.

9 B

VIII. **RELIEF REQUESTED**: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

Wherefore, Plaintiff prays for relief as follows:
1) For compensatory damages in an amount of $100,00.00 o 2) For punitive damages in an amount according to proof. 3) For costs and reasonable attorney and filing fees pursuant to 42 U.S.C. Section 1988.
4) For this Court to order Defendants, to cease the cruel punishment provided to inmates in CF Pad.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this _18_ day of _March_, 2 _004_.

_Juan Gabela_

(Signatures of all Plaintiffs)

DC 225 (Rev 12/02)                                  10