UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN C. GABELA,

Plaintiff,

vs. Case No. 6:03-cv-1876-Orl-22-DAB

OSCEOLA COUNTY JAIL;
MICHAEL TIDWELL, Director;
M. STROOP, Head of Classification;
OFC. GILLESPIE, Library Supervisor,

Defendants.
_______________________________/

**DEFENDANTS STROOP AND GILLESPIE'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW**

COME NOW Defendants STROOP and GILLESPIE, by and through their undersigned counsel, and pursuant to Rule 12, Fed.R.Civ.P., and hereby move this Honorable Court for entry of an Order dismissing the Amended Complaint filed in this action, and as grounds therefore would state as follows:

1. The operative pleading in this matter is Plaintiff's Amended Complaint, filed March 23, 2004 (Doc. 14).

2. Despite a number of procedural starts and fits, Plaintiff finally

provided sufficient waiver of service paperwork, which in turn was mailed to STROOP and GILLESPIE by the United States Marshall as ordered on November 4, 2005 (Doc. 36).

3. STROOP and GILLESPIE have agreed to waive service and hereby respond to the allegations raised in Plaintiff's Amended Complaint.

4. The allegations of the Amended Complaint do not allege facts sufficient to state a claim for denial of access to the courts, and those claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

5. The allegations of the Amended Complaint do not allege facts sufficient to state a claim for infliction of cruel and unusual punishment, and that claim should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

6. To the extent STROOP and GILLESPIE are being sued in their individual capacities, they are entitled to the defense of qualified immunity and should be dismissed from this action.

**MEMORANDUM OF LAW**

**STANDARD OF REVIEW**

For the purposes of a Motion to Dismiss, this Court must view the allegations of the Complaint in the light most favorable to the Plaintiff, consider

the allegations of the Complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Florida, 21 F.3d 1532, 1534 (Cir. 1994). Furthermore, the Court must limit its consideration to the pleadings and written instruments attached as exhibits thereto. Fed.R.Civ.P. 10(c). The Complaint must not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 335 U.S. 41, 45-46 (1957).

Defendants acknowledge that *pro se* complaints typically are held to a less stringent pleading standard. Nevertheless, conclusory allegations and unwarranted factual deductions are not accepted as true. Gersten v. Rundle, 833 F.Supp. 906, 910 (S.D. Fla. 1993) (citing Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974).

As a preliminary matter, the Amended Complaint appears to have been filed without page 6 of the Civil Rights Complaint Form. For the purposes of this Motion to Dismiss filed on behalf of STROOP and GILLESPIE, it is assumed that page 6 indicates that Michael Tidwell, former Director of the Osceola County Jail, is identified as the first named defendant at part C. of Section V, and that this page simply was left out inadvertently by Plaintiff .

## LEGAL ARGUMENT

### I. PLAINTIFF HAS NOT BEEN DENIED ACCESS TO THE COURTS

Plaintiff alleges that he was denied access to the courts, in that employees of the Osceola County Jail did not allow him "to access the law library in order to meet a deadline ordered by the federal courts, in reference to Plaintiff's criminal habeas corpus petition that was pending in this court." (Complaint at p.8). That case is identified by Plaintiff as case number 6:03-CV-925-ORL-28KRS. (Complaint at p.9). Plaintiff alleges he requested and was granted an extension of time to respond to that case's order of November12, 2003, but "once again filed request and grievances to access the law library, which were denied." (Complaint at p.9). Plaintiff finally alleges that he "could not comply with the 11-13-03 order", implying that the inability to comply was the result of the actions of GILLESPIE. (Complaint at p.9).

Defendants do not dispute that prison inmates have a "fundamental constitutional right of access to the courts [which] requires prison authorities to ... provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977).

However, later clarification by the Supreme Court makes it clear that "prisoners' contentions of deprivations of access to courts must show actual injury as a 'constitutional prerequisite.'" Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998) quoting Lewis v. Casey, 518 U.S.343, 351 (1996). More specifically, an inmate claiming he has been denied access to a prison's law library, and thus denied access to the courts, "must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Wilson, 163 F.3d at 1290-91.

In the instant case, Plaintiff claims he was denied access to the law library and implies that this caused him not to be able to comply with a court order relating to his habeas corpus petition. Plaintiff does not allege that his petition was dismissed or denied, although this is assumed based on Plaintiff's continued incarceration. Moreover, Plaintiff fails to allege that it was the purported denial of access to the law library that resulted in the dismissal or denial of his habeas corpus petition. "[I]n an access-to-courts claim, a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic." Wilson, 163 F.3d at 1291 (internal quotations omitted). Instead, it is incumbent on an inmate plaintiff to show that such a denial of access "hindered

his efforts to proceed with" his claim for post-conviction relief. Id.

Plaintiff has failed to allege that he has suffered any "actual injury" as a result of the purported denial of access to the law library. He has not indicated that his failure to respond to any orders of the court hindered or prejudiced his attempt to gain post-conviction relief, or was in any way the cause of the (assumed) dismissal or denial of his habeas corpus petition. As the essential prerequisite for a claim based on a denial of access to the courts has not been alleged, Plaintiff's claim in this regard must be dismissed, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.

Plaintiff's Amended Complaint contains a "Supplemental Amendment to Civil Rights Complaint", in which he claims to have been denied access to the courts during the instant proceedings. (Complaint at p.9B). Plaintiff alleges he "was once again denied access to the courts" in that his request to use the law library and to make copies was denied by GILLESPIE.

As stated above, Lewis requires "actual injury" in a case claiming denial of access to the courts. No actual injury has been alleged in this case. The incidents of denied access alleged in the "Supplemental Amendment" relate to Plaintiff's attempts to provide the Court with documents related to his insolvency. Plaintiff

further alleges that his was legal mail was tampered with by being opened before his receipt. In addition, Plaintiff claims that his "legal mail has been returned without reasons on several occassions [sic] causing a delay in his legal actions." (Complaint at p.9B).

As GILLESPIE and STROOP received Plaintiff's Notice of Lawsuit and Request for Waiver of Summons, and accordingly returned the Waiver of Service of Summons, it is evident that the purported denials of access raised in the Supplemental Amendment have caused Plaintiff no actual injury. The fact that this Motion is being filed on behalf of GILLESPIE and STROOP is clear evidence that Plaintiff has not been hindered in proceeding with his claims for civil rights violations. As Plaintiff can show no actual injury as a result of the actions the Supplemental Amendment alleges amount to denial of access to courts, those claims fail to state a claim upon which relief can be granted and must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## II. PLAINTIFF HAS NOT BEEN SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT.

Plaintiff alleges that he arrived at the Osceola County Jail from Tomoka Correctional Institution on November 19, 2003. (Complaint at p.9) From this

date until approximately January 26, 2004 (68 days), Plaintiff allegedly was housed in a "high risk pod" where he shared a "two man cell" with two other inmates. (Complaint at p. 9A). Plaintiff claims that, as the third inmate in this cell, he was relegated to "sleeping on the floor." Plaintiff complains that he was "locked 23 ½ hours daily" and was shackled the other ½ hour daily when allowed to leave his cell to shower and use the phone. Plaintiff also complains he remained shackled during recreation, which allegedly was one hour weekly. The shackles allegedly caused sores and bruises to Plaintiff's ankles. Lastly, Plaintiff complains that his cell had no view to its surroundings.

Plaintiff alleges that Defendant STROOP is a classification supervisor at the Osceola County Jail. (Complaint at p.9A). Plaintiff further alleges that he filed six grievances with STROOP regarding this "cruel status", and that those grievances were denied. These denials apparently were appealed to Director TIDWELL, who allegedly affirmed the denials. According to Plaintiff, the Defendants' response was that "the Jail was approved for their actions."

Plaintiff alleges that his placement in the "high risk pod" was "based on classification." (Complaint at 9A). Plaintiff alleges he "was classified maximum custody", but it is unclear from the Amended Complaint whether this

classification level was assigned by the Osceola County Jail upon his arrival, or whether Plaintiff arrived from Tomoka Correctional Institution with this classification already assigned by the Florida Department of Corrections. As a threshold matter with regard to any claim of cruel and unusual punishment against STROOP, Plaintiff does not allege that STROOP was responsible for classifying Plaintiff at the custody level purportedly constituting cruel and unusual punishment. Therefore, any claim of cruel and unusual punishment directed against STROOP must be dismissed for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

Plaintiff's claims of cruel and unusual punishment are analyzed pursuant to the Eighth Amendment. "The unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Hope v. Pelzer, 536 U.S. 730, 737 (2002) (internal quotation marks and citation omitted). In the context of claims based on a prisoner's conditions of confinement, "[w]antonness has been defined as deliberate indifference to a substantial risk of serious harm to a prisoner." Bass v. Perrin, 170 F.3d 1312, 1317 (11th Cir. 1999) (internal quotation marks omitted). Nevertheless, prison conditions may be "restrictive and even harsh" without violating the Eighth

Amendment. Farmer v. Brennan, 511 U.S. 825, 833 (1994). As well, it has been established that "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 125 (1977), quoting Price v. Johnston, 334 U.S. 266, 285 (1948).

While the conditions of confinement alleged by Plaintiff may not have been pleasant or preferred by him, they hardly rise to the level of being "cruel and unusual." Despite the allegations that the shackles caused sores and bruises to his ankles, Plaintiff does not indicate that any medical needs or concerns on his part were voiced to, and disregarded by, Defendants. As to the level of confinement, Plaintiff has not claimed that his maximum custody classification was improperly imposed (by Osceola County Jail or Florida Department of Corrections officials). Plaintiff attempts to invoke some magic words of civil rights pleading, stating that he "suffered from deliberate indifference." (Complaint at p.9A). However, such a conclusory statement, without more specific allegations of acts of deliberate indifference to a substantial risk of serious harm to Plaintiff, simply is not sufficient to state a cause of action. Because Plaintiff has not alleged facts that,

if proven, would rise to a level of cruel and unusual punishment in violation of his rights under the Eighth Amendment, he has failed to state a claim upon which relief can be granted and his claim should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## III. STROOP AND GILLESPIE ARE ENTITLED TO THE DEFENSE OF QUALIFIED IMMUNITY.

The question of qualified immunity should be resolved "at the earliest possible stage of litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991). Although typically addressed at the summary judgment stage, the question of qualified immunity may be addressed and resolved in a motion to dismiss. See e.g., Geidel v. City of Bradenton Beach, 56 F.Supp.2d 1359 (M.D. Fla. 1999) (resolving issue of police officer entitlement to qualified immunity in motion to dismiss pursuant to Rule 12(b)(6)). To the extent that STROOP and GILLESPIE are being sued in their individual capacity, they submit that they are entitled to the defense of qualified immunity for all claims of constitutional violations asserted against them arising out of their interaction with Plaintiff during their employment at the Osceola County Jail and, therefore, those claims should be dismissed, with prejudice.

Pursuant to Saucier v. Katz, 533 U.S. 194, 200 (2001), the Court must conduct a two part inquiry when addressing qualified immunity. First, the Court must ask if the facts, taken in the light most favorable to Plaintiff, demonstrate that STROOP and GILLESPIE violated Plaintiff's constitutional rights. Second, if the Court concludes that a reasonable jury could find that Plaintiff's constitutional rights were violated under the facts alleged, the Court must determine whether Plaintiff's rights were clearly established - that is, whether it would have been clear to a reasonable jail employee that STROOP and GILLESPIE's conduct was unlawful.

It is well settled that a constitutional right is clearly established only if its contours are "sufficiently clear that any reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635 (1987). In determining whether the contours of a constitutional right are clearly established, the courts must examine cases that announce general constitutional rules and cases that apply those rules to factual circumstances in order to determine if a reasonable public official, who is charged with knowledge of such decisions, would have understood the constitutional implications of his conduct. With regard to this inquiry, the Supreme Court in Hope v. Pelzer, 536 U.S. 730

(2002) cautioned that the courts should not be unduly rigid in requiring factual similarity between prior cases and the case under consideration. Instead, the "salient question" is whether the state of the law gave the defendant "fair warning" that his alleged conduct was unconstitutional. Hope, 536 U.S. at 741.

Based on the previous analysis showing that the alleged acts purported to constitute denial of access to the courts and cruel and unusual punishment do not rise to the level of civil rights violations, a reasonable jail employee could have believed that STROOP and GILLESPIE's actions as alleged in the Complaint (taken as true for the purposes of this Motion to Dismiss) were lawful. Therefore, STROOP and GILLESPIE are entitled to qualified immunity for all claims brought against them in their individual capacity.

WHEREFORE, for the grounds set forth in the Motion to Dismiss and explained more fully in the Memorandum of Law, Defendants would move this Court for entry of an Order dismissing Plaintiff's Complaint.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of January, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I FURTHER CERTIFY that on the 12th day of January, 2006, I mailed the foregoing document and the notice of electronic filing by first-class mail to: Plaintiff Juan Gabela DC# 426631, Tomoka Correctional Institution, 3950 Tiger Bay Rd., Daytona Beach, FL 32124.

/s/Douglas J. Petro
MICHAEL J. ROPER, ESQUIRE
Florida Bar No. 0473227
DOUGLAS J. PETRO, ESQUIRE
Florida Bar No. 0064343
Bell, Leeper & Roper, P.A.
2816 East Robinson St.
Orlando, FL 32803
407-897-5150
407-897-3332 Fax
Attorneys for Defendants
Stroop and Gillespie